AO 243    (Rev. 2-95)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Massachusetts | |
|---|---|---|---|
| Name of Movant  Jesus Torivio-Arias | Prisoner No. 80221-038 | | Case No. 99-40027 |
| Place of Confinement  United States Penitentiary-McCreary, P.O. Box 3000  Pine Knot, Kentucky 42635-3000 | | | |

UNITED STATES OF AMERICA    v.    Jesus Torivio-Arias    *New Judge*
(name under which convicted)

MOTION    05    10417 NMG

1.  Name and location of court which entered the judgment of conviction under attack    United States District Court for the District of Massachusetts, 595 Main Street, Worcester, Massachusetts 01608

2.  Date of judgment of conviction    April 29th, 2003

3.  Length of sentence    360 months

4.  Nature of offense involved (all counts)    violation(s) of Title(s) 21 USC §§ 846 & 841(a)(1) and Title 18 USC §2

5.  What was your plea? (Check one)
    (a) Not guilty    ☐
    (b) Guilty    ☒
    (c) Nolo contendere    ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    Guilty to both Counts

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury    ☐
    (b) Judge only    ☐    n/a

7.  Did you testify at the trial?
    Yes ☐    No ☐    n/a

8.  Did you appeal from the judgment of conviction?
    Yes ☒    No ☐

AO 243   (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court   United States Court of Appeals for the First Circuit

(b) Result   Affirmed

(c) Date of result   March 10th, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐     No ☒☒X

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court   n/a

(2) Nature of proceeding   n/a

(3) Grounds raised   n/a

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐

(5) Result   n/a

(6) Date of result   n/a

(b) As to any second petition, application or motion give the same information:

(1) Name of court   n/a

(2) Name of proceeding   n/a

(3) Grounds raised

n/a

AO 243   (Rev 2 95)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes    ☐       No ☐

(5) Result _____ n/a _____

(6) Date of result _____ n/a _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)  First petition, etc.          Yes ☐       No ☐

(2)  Second petition, etc.      Yes ☐       No ☐       n/a

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____ This is movants first submission since his

_____ direct appeal _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.   State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev 2 95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one:    ***SEE MEMORANDUM OF LAW***

Supporting FACTS (state *briefly* without citing cases or law):

B.  Ground two:    ***SEE MEMORANDUM OF LAW***

Supporting FACTS (state *briefly* without citing cases or law):

C.  Ground three:    ***SEE MEMORANDUM OF LAW***

Supporting FACTS (state *briefly* without citing cases or law):

AO 243    (Rev. 2/95)

D.  Ground four:    \*\*\*SEE MEMORANDUM OF LAW\*\*\*

Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

None of the issues presented herein have been presented in any submission to date.

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐    No  XXX

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing    Raymond E. Gillespie, Esq, 875 Massacgusetts Avenue, Suite 32, Cambridge, Massachusetts 02139-3067

(b)  At arraignment and plea    \*\*\*SAME AS (a)ABOVE\*\*\*

(c)  At trial    \*\*\*SAME AS (a) ABOVE\*\*\*

(d)  At sentencing    \*\*\*SAME AS (a) ABOVE\*\*\*

AO 243    (Rev. 2/95)

(e)  On appeal    Joseph S. Berman, Esq., 210 Commercial Street,

Boston, Massachusetts 02109

(f)  In any post-conviction proceeding    This one pro-se

(g)  On appeal from any adverse ruling in a post-conviction proceeding

n/a

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  XXXX    No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐    No XXXX

(a)  If so, give name and location of court which imposed sentence to be served in the future:

n/a

(b)  Give date and length of the above sentence:

n/a

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐    Will file in the future

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

In propria persona

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_February 2-2005_
Date

_Jesus Torivio_    (SEAL)
Signature of Movant
Jesus Torivio-Arias,#80221-038
USP-McCreary, P.O. Box 3000
Pine Knot, Kentucky 42635-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Jesus Torivio-Arias,** | ) | |
| Movant, | ) | |
| vs. | ) | Crim. No.: **99-40027** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | Civil No.:_____ |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF §2255 MOTION

**COMES NOW**, movant, Jesus Torivio-Arias, acting in propria persona in this above entitled "Memorandum," and, respectfully moves this Honorable Court to consider the fact(s) and supporting argument(s) contained herein when the Court considers movant's claims for relief raised within pursuant to **Title 28 USC §2255**.

### STATEMENT OF JURISDICTION

This Court has jurisdiction of this matter pursuant to **Title 28 USC §2255**, due to this being the original court of record, and, **Title 28 USC §1331**, due to the various constitutional questions raised herein.

### STATEMENT OF THE CASE

This matter arises out of a Second Superseding Indictment dated November 29th, 2000, Count One of which alleged that movant did violate **Title 21 USC §846** by conspiring with others to

possess cocaine or crack cocaine with the intent to distribute, and, Count Eleven of which alleged that movant did distribute cocaine base in violation of **Title 21 USC §841(a)(1)** and aiding and abetting the same in violation of **Title 18 USC §2.**

On September 30th, 2002, movant did enter a change of plea, pleading guilty to Counts One & Eleven of the Second Superseding Indictment.

Movant was sentenced on April 29th, 2003, to a term of 360 months of imprisonment.

Movant did file a timely Notice Of Appeal on May 5th, 2003 to the United States Court of Appeals For The First Circuit, which was thereafter denied on March 10th, 2004.

Movant does now submit his timely Section 2255 Motion with accompanying and/or supporting Memorandum of Law.

## STATEMENT OF THE RELEVANT FACTS

Movant was represented by Raymond E. Gillespie, Esq. at all times within the united States district Court, and, Joseph S. Berman, Esq. on his direct appeal to the First Circuit.

Movant was advised to plead guilty by Counsel Gillespie to both Count One, a violation of **Title 21 USC §846**, and, Count Eleven, a violation of **Title 21 USc §841(a)(1)** and **Title 18 USC §2.**

Movant is an Hispanic male, a native of the Dominica Republic, who does not speak or understand the English language

(2)

whatsoever, and, has a third grade education from the Dominica Republic.

The district court did provide movant with two(2) interpreters at separate times: (1) Patricia Bluestein during movants Plea Colloquy, and, (2) Carrie Lilly during movants Sentencing Hearing.

At the biginning of Movants Plea Colloquy, Counsel Gillespie was uncertain as to whether or not movant understood the proceedings, and, did request leave of the court to speak to movant, stating:

> "I will just ask the court if it could indulge us for five more minutes just to allow me to kind of run through some technicial points about the colloquy with my client. He is set to plead at this point. He understands, **I believe**, what he's doing." [emphasis added](<u>See</u> Plea Colloquy Transcript [**NOTE**: hereinafter Plea <u>Tr.</u>] at pp. 2-3) **1**

On the advise of Counsel Gillespie, movant did plead guilty and waive his rights without the benefit of a written plea agreement. (<u>See</u> Plea Tr. at p. 6).

Movant plead guilty with the understanding that he would receive a term of imprisonment of between 10 years to life according to the calculations at the time of the plea (<u>See</u> Plea Tr. at p. 7), and, movant was assured by Counsel Gillespie, at

---

**1**    An average individual will have to wonder how five minutes prior to pleading guilty will explain to an uneducated person who does not speak the language the "technicial points" associated with a plea colloquy

the time of his plea, that the relevant calculation would not exceed 180 months of imprisonment at the extreme high end of the guideline calculation.

The Plea Colloquy shows that movant plead guilty of possessing 136.9 grams of crack cocaine (See Plea Tr. at p. 10). And, when asked by the Court whether movant had anything to add to the Government's contention and/or calculation that movant was responsibile for 136.9 grams of crack cocaine, and, movant repliied NO. (See Plea Tr. at p. 10-11).

The Court then required the Clerk of ask movant if he wanted to change his plea from not guilty to guilty (See Plea Tr. at p. 11), to which movant stated: "No. Well, what do you mean?" (See Plea Tr. at pp. 11).

At this point Counsel Gillespie had an "off-the-record" discussion with movant, and, it was only after this discussion that movant plead guilty to Count One (See Plea Tr. at p. 11).

The Court then required the Clerk to ask movant if he wanted to plead guilty to Count Eleven, to which, movant, in surprise stated "Eleven?" (See Plea Tr. at pp. 11-12). Again, Counsel Gillespie had an "off-the-record" discussion with movant (See Plea Tr. at pp. 11-12) to convince movant to plead guilty to Count Eleven.

On April 29th, 2003, movant was sentenced by the United States District Court for the District of Massachusetts.

At the beginning of the sentencing hearing the court was informed that Jesus Torivio-Arias was, in fact, also Miguel

(4)

Morales, and, that a new Pre-Sentence Investigation Report was compiled on movant to include the other data (See Disposition Transcript [NOTE: hereinefter Dis. Tr.] at pp. 2-3).

Said newly compiled Pre-Sentence Investigation Report contained a much higher potential sentence [twice the orinial +] range. Movant was never informed that since he was no longer seen as the same individual who plead guilty to a maximum 180 potential month sentence, that he could either elect to re-plead to the new set of facts, or, that he could elect to go to trial. Movant was never informed that he could contest the Plea which he entered for the maximum 180 month sentence, due to the substantial change in circumstances, or, that he was now considered as a career offender and had a sentencing range of 360 months to life.

Also at sentencing movant was denied the two(2) point reduction for acceptance of responsibility, due to the claim that movant obstructed justice, even though movant did, in fact, timely plead guilty, and, never admitted any obstruction of justice. (See Dis. Tr. at pp. 4-5 & 7).

When discussing the objection to paragraph 38 of the Pre-Sentence Investigation Report, which the Government contended that movant was released from incarceration, so, therefore the two(2) point increase for being under a criminal justice sentence applied, and, whereas Counsel Gillespie contended that movant

(5)

did remain incarcerated until November of 1998, and, therefore did not violate probation/parole which was the essence of paragraph 38 (See Dis. Tr. at pp. 13-15).

Even though there was a violation warrant issued in movants name, said warrant was in error. Movant did send for and receive validation and/or proof concerning the time period in question from the Middlesex Sheriffs Office (See Exhibit(s) 1 & 1.1, attached hereto).

At the Sentencing hearing, the Court failed to require any substantiating documentation be provided, but, with no evidence produced, ruled that the Probation Department version was the accurate version (See Dis. Tr. at pp. 15-16), and, thereafter did increase movants sentence by two(2) points (See Dis. Tr. at p. 16).

Movants base offense level was 32 prior to the Court adding additional points through the preponderance of the evidence standard on unadmitted facts. (See Dis. Tr. at p. 17).

Also, the Court did increase movants sentence by two(2) points for obstruction of justice, which was unadmitted (See Dis. Tr. at p. 17). Further, movant was determined to be a career offender pursuant to Title 21 USC §851 (See Dis. Tr. at p. 17), even though the Government did fail to submit the required notice for such a disignation. Consider, in relevant part:

> "No person who stand convicted of an offense under this
> part shall be sentenced to increased punishment by reason
> of one or more prior convictions, unless before trial,

(6)

or before entry of a plea of guilty, the United States
attorney files an information with the court (and serves
a copy of such information on the person or counsel for
the person) stating in writing the previous convictions
to be relied upon." **Id**.

Counsel Gillespie never objected to the Government's
failure to file the required notice, and, therefore movant was
sentenced as a career offender (**See** Dis. Tr. at p. 17), and,
ordered to serve 360 months of imprisonment.

Movants appellate Counsel Berman only submitted one(1)
claim for relief to the First Circuit Court of Appeals, which
was the district courts denial of the two(2) point reduction for
acceptance of responsibility, which was totally meritless.[2]

### STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution
guarantees that "in all criminal prosecutions, the accused shall
enjoy the right...to have the assistance of counsel for his
defense." It is well settled that this right to effective
assistance of counsel attaches at all critical stages, **see, i.e.,**
**United States v. Wade**, 388 U.S. 218 (1967), including at sentencing
**see, e.i., Garder v. Florida**, 430 U.S. 349 (1977).

The touchstone for any ineffective assistance of counsel

_____

[2]    the relevant facts listed herein do apply to each and every
claim for relief raised within this Motion/Memorandum,
and, should not be seen or considered in isolation, but,
the total collection of facts are included within each
claim whether specifically noted therein or not

claim is the two-part test laid down by the Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984):

> **"First**, the defendant must show that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> **"Second**, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial where the result is reliable." **Id**. at 687.

In **Hill v. Lockhart**, 474 U.S. 52 (1985), the Supreme Court applied the **Strickland** two-part test to ineffective assistance of counsel claims in the guilty plea context. **Id**. at 58.

As the **Hill** Court explained, the **First Strickland** require-ment remains the same, the **second**, or prejudice requirement, on the other hand, focuses on whether counsel's Constitutional ineffective preformance affected the outcome of the plea process **Id**. at 58-59.  Accordingly, movant must show that a reasonable probability exists that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. **Id**. at 59.

## CLAIMS FOR RELIEF

**ISSUE A**:

> Trial counsel was ineffective and the plea was neither voluntary nor knowingly due to the specific sentence counsel informed movant he would receive, i.e., not more than 180 months, and, appellate counsel was ineffective for failing to raise the issue on direct appeal

(8)

**ARGUMENT TO ISSUE A:**

When movant entered his guilty plea he was only looking at
a maximum sentence of 180 months of imprisonment, and, this
was both confirmed and promoted by Counsel Gillespie to convince
movant to plead guilty.  At no time prior to movant pleading
guilty was movant informed that he would be sentenced and/or
could  be sentenced to 360 years to life as a career offender.
Therefore, movants plea should be considered as both involuntary
and unknowingly entered into.  **See**, **i.e.**, **Hernandez-Hernandez
v. United States**, 904 F.2d 758 (1st Cir. 1990)(trial counsel's
inducement of a guilty plea by a specific sentence, which
petitioner did not receive, constituted ineffective assistance
of counsel).

At the sentencing hearing was the first time movant was
informed that he was eligible for an enhanced sentence due to
being a career offender of 360 months to life.  Counsel Gillespie
should have informed the Court that movant wished to withdraw
his prior guilty plea and go to trial pursuant to Federal Rule
of criminal Procedure 11(e)(4), but, counsel failed to raise the
issue, and, appellate counsel failed to raise the issue on direct
review, **see, e.i.**, **United States v. Burdeau**, 168 F.3d 352 (9th
Cir. 1999).

Movant did not wish to plead guilty to a sentence that
amounted to the rest of his life, and, if informed of the option

(9)

to go to trial, movant would have elected to go to trial,[3] but, Counsel Gillespie merely restated that movant had plead guilty, and, it was too late to take the plea back at three(3) separate "off-the-record" discussions with movant. **See, i.e., United States v. Alvarez-Tauimez**, 160 F.3d 573 (9th Cir. 1998).

Movant was effectively denied his day in court, and, not being able to speak the English language only compounded movants problems, since, he was forced to rely totally on Counsel Gillespie to be his advocate. But, Counsel Gillespie did not advocate for movant, instead he effectively "rolled-over" for whatever the Government thought accurate, which did fail to hold the Government to any adversarial testing whatsoever, **see, i.e., United States v. Cronic**, 466 U.S. 648 (1984).

Prejudice from Counsel Gillespie's actions and/or inactions entails: (1) being held to the plea agreement which made movant eligible from more time than he originally plead thereto; (2) no true counsel as required by the Sixth Amendment, i.e., that movant was actually without any counel during this criminal process to date; (3) even though movant never plead to 360 months of imprisonment, he was forced to keep the plea agreement through

---

[3]    movant was 42 years old at the time of sentencing, therefore either sentence would be a life sentence to movant, so, even if he received the maximum, or, the life sentence, for electing to go to trial, he would, in actuality, be no worse off than he is now

the misadvise of Counsel Gillespie; (4) movant never plead guilty
to being a career offender, and, Counsel Gillespie never
informed movant that he could not withdraw the guilty plea.
[NOTE: this is not an exhaustive listing].

## CONCLUSION

Movant does hereby request this Court to invalidate his
guilty plea, and, set this matter for trial, or, in the alternative,
hold an evidentiry hearing to determine the appropriate remedy,
and, for whatever other releif as this Court deem just and
appropriate.

## ISSUE B:

> Trial counsel was ineffective for failing to protect movants
> due process rights concerning his plea, and, appellate
> counsel was ineffective for his failure to raise this
> issue on direct appeal

## ARGUMENT TO ISSUE B:

Movants plea was neither knowingly nor voluntary where he
plead guilty to one potential sentencing spectrum, and, was
sentenced under an entirely different sentencing spectrum, with-
out even an objection from Counsel Gillespie.

Further, movant merely acknowledged his guilt  after being
coerced at an "off-the-record" discussion with Counsel Gillespie,
see, i.e., United States v. Sanchez-Barreto, 93 F.3d 17 (1st
Cir. 1996)(defense counsel coerced defendant's guilty plea in
order to conceal his unpreparedness for trial, which constitutes
ineffective assistance of counsel).

(11)

Had Counsel Gillespie informed movant that he could request the withdrawal of the guilty plea, and, go to trial, movant would have elected to go to trial instead of meekly accepting the life sentence offered by the Court, **see**, **i.e.**, **Tollet v. Henderson**, 411 U.S. 258 (1973). But, Counsel Gillespie never informed movant of his rights, therefore movant thought that his only option was to accept whatever happened at the sentencing hearing.

If movant would have known that he had the right to withdraw his plea,[4] he would have elected to do so. And, it should be remembered that at the time movant plead guilty there was no 360 months to life potential sentence. Therefore, movant was unaware of the relevant circumstance and likely consequences of the plea, **see**, **i.e.**, **Brady v. United States**, 397 U.S. 742 (1970).

The maximum possible sentence when movant plead guilty was 180 months, not the 360 months to life that was on the table at the sentencing hearing. Due process requires fair notice of the consequences faced by an individual prior to a plea of guilty.

The prejudice to movant through the ineffectiveness of Counsel Gillespie/Berman is: (1) a sentence which is twice what

---

4    Rule 32(d) allows an individual to withdraw their plea, and the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. Considering the circumstances of this case movant had such a fair and just reason.

movant plead guilty to; (2) a sentence twice what was specified
prior to the plea; (3) no effective opportunity to contest the
career offender designation; (4) coerced into taking a 360 month
plea; (5) never given an opportunity to withdraw the plea and
go to trial. [**NOTE**: this is not an exhaustive listing].

## CONCLUSION

Movant does hereby request that his guilty plea be vacated
for the ineffectiveness of both counsel's, and, the due process
violations, or, in the alternative, hold and evidentiary hearing
on this matter, and, for whatever other relief as this Court
deems just and appropriate.

## ISSUE C:

> Trial counsel was ineffective, due process was violated, and
> movants jury trial guarantee was violated by Counsel allowing
> the Court, without even an objection, to sentence movant
> concerning unadmitted facts which enhanced his sentence, and,
> appellate counsel was ineffective for failing to raise this
> issue on direct appeal

## ARGUMENT TO ISSUE C:

The United States Supreme Court in **Apprendi v. New Jersey**,
530 U.S. 446 (2000), specifically endorsed the rule that it is
unconstitutional to remove from the jury the assessment of facts
that increase the prescribed range to which a criminal defendant
is exposed, and, that such facts must be established beyond a
reasonable doubt, or, admitted by the defendant.[5]

---

[5]    even though this issue is being raised under **Apprendi**,
movant does bring this Courts attention to the newer

The various enhancements which movant does contend fall within the **Apprendi** mandate are: (1) the enhancement under **Title 21 USC §851** due to both the **Apprendi** mandate and the due process violation of no notice pre-plea, or, during the plea hearing; (2) the two(2) point enhancement for obstruction of justice[6] which movant never admitted to; and, (3) the two(2) point enhancement for being under a criminal justice sentence (probation), for which movant was never not incarcerated during this violation (See Exhibit 1 & 1.1).

The above addressed enhancements should be removed, and, movant's sentenced re-calculated , since, "the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." **Id**.

The prejudice attributable to movant from these constitutional violations, namely: (1) denial of trial by jury on the unadmitted facts; (2) the increase in movants sentence from approximately 180 months to 360 month; (3) the due process violation which allowed movant to be enhanced without the ability to effectively

---

and more explanatory holdings in **Blakely v. Washington,** & **United States v. Booker** which do further explain **Apprendi**

6    if this Court removes the obstruction of justice enhance-
     ment, movant would again request the two(2) point reduction
     for the timely acceptance of responsibility

(14)

contest the enhancements; and (4) the ineffectiveness of both trial and appellate counsel's who both failed to protect movants constitutional rights, or, be an advocate for movant. [**NOTE**: this is not an exhaustive listing].

## CONCLUSION

Movant does hereby request to be resentenced without using the unadmitted facts and/or constitutionally defective enhancements, or, in the alternative, hold an evidentiary hearing, and, whatever other relief as this Court deems just and appropriate.

## ISSUE D:

Trial counsel was ineffective for failing to object to the Government's violation of **Title 21 USC §851**'s Notice requirement, which also violated movants due process rights, and, appellate counsel was ineffective for failing to raise this issue on direct appeal

## ARGUMENT TO ISSUE D:

It is beyond question that movant plead guilty on September 30th, 2002, and, that movant was sentenced on April 29th, 2003.

And, that it was not until April 22nd, 2003, before the Probation Department completed the revised Pre-Sentence Investigation Report.[7]

As **Title 21 Usc §851** dictates, in relevant part:

"No person...shall be sentenced to increased punishment by reason of one of more prior conviction, unless...before

_____

[7]  movant does not know, and, the docket entries, and, the transcripts do not reflect exactly when Counsel Gillespie received the updated PSI

entry of a plea of guilty, the United States attorney
files an information with the court (and serves a copy
of such information on the person or counsel for the
person) stating in writing the previous convictions to
be relied upon." **Id**.

In this case, the Government did not give notice pursuant
to §851 until approximately the day of sentencing, which is
some seven(7) months after the plea hearing. The language of
§851 is stated as an unqualified right by using the "No person
...shall" language. And, only by the ineffective representation
of both trial and appellate counsel's was movant seen as eligible
for this enhancement. Movant was never informed by Counsel
Gillespie that he had any rights except to plead guilty, so,
movant cannot be seen as waiving this statutory right.

The ineffectiveness of both trial and appellate counsel's
did prejudice movant by creating eligibility under §851's
enhancement provisions, which did increase movants sentence
by 100%.

The question is whether the Governments notice at the
sentencing hearing , or, just prior satisfied §851. Section
851 requires the government to serve its information before the
plea has been entered. The Federal Rule Of Criminal Procedure
49(b) governs the service of papers in criminal cases and states
that service upon an attorney or upon a party shall be made in
the manner provides in civil actions. The relevant civil rule,
Federal Rule Of Civil Procedure 5(b), even allows for service
to be complete upon placing the material in the mailbox.

(16)

But, this reasoning is unavailing, since, even assuming that the Government released the revised edition of the Pre-Sentence Investigation Report as soon as it was completed, under the statute said notice was seven(7) months to late to cure the statutory violation.  **See**, **i.e.**, **United States v. King**, 127 F.3d 483 (6th Cir. 1997)(to satisfy due process requirement under 21 USC §851, the government need only (1) file and information with the court and (2) serve a copy of such information on the defendant.  The information must be in writing, and both the filing and the serving must occur before trial, or before entry of a plea of guilty).

By the Government's failure to file the appropriate notice/ information (no matter what the reason) prior to the plea colloquy, the district court erred in sentencing movant as a career offender under §851, **see**, **i.e.**, **Harris v. United States**, 149 F.3d 1304 (11th Cir. 1998)(even where a defendant receives actual notice that the government intents to rely on a previous conviction to enhance his sentence, the district court lacks jurisdiction to impose an enhanced sentence until the government files an information as required under §851); and **United States v. Steen**, 55 F.3d 1022 (5th Cir. 1995)(a district court may enhance a defendants sentence, as long as the government provides constitut- ionally sufficient notice of the previous convictions through the information filed prior to trial).

In this case the Government failed to provide the

(17)

ively left movant without appellate counsel for direct appeal. See, i.e., Delgardo v. Lewis, 181 F.3d 1087 (9th Cir. 1990).

Due process requires effective assistance of counsel on direct appeal, see, i.e., Evitts v. Lucey, 469 U.S. 387 (1985), and, it cannot be contended that appellate counsel was effective , due to his raising only one meritless issue on direct appeal. As stated, appellate counsel would have done a better job, if, he would have raised an **Anders** challenge is the appellate court, at least that way, movants claims for relief would have been available to be considered on direct appeal.

The prejudice to movant is blatant, due to his being without any true and/or effective appellate advocate on appeal, which is a per se violation of the Sixth Amendment.

### CONCLUSION

Movant does hereby request a new direct appeal for the denial of counsel through ineffectiveness and the due process violation associated therewith, or, in the alternative, hold an evidentiary hearing, and, for whatever other relief as this court deems just and appropriate.

ISSUE F:

Request for an evidentiary hearing

ARGUMENT TO ISSUE F:

All claims for relief raised within this Secion 2255 Motion do call into question the voluntariness and knowingly aspects

(19)

of movants guilty plea, and, movant does hereby formally request
that this Court hold an evidentiry hearing on the claims for
relief raised herein, and, all other aspects of this criminal
processing.  In support of this request, movant does herein
submit the following case citations, which do support movants
request, consider:  **United States v. Espinoza**, 866 F.2d 1067
(9th Cir. 1988)(counsel's promise that defendant would receive
a specific sentence which was used to induce guilty plea,
constitutes ineffective assistance and requires an evidentiary
hearing to resolve the claim); **Pitts v. United States**, 763 F.2d
197 (6th Cir. 1985)(trial counsel's misrepresentation of the
maximum penalty on counts of indictment, which defendant plead
guilty constituted ineffective assistance of counsel and
warranted an evidentiary hearing); **United States v. Levy**, 897
F.2d 596 (1st Cir. 1990)(remanding to district court for deter-
mination, whether, at sentencing hearing at which certain factual
recitals in presentence report where controverted by defendant...
where, as here, the record admits of possible ambiguity, our
practace is to remand for a limited purpose); & **Apprendi v. New
Jersey**, 530 U.S. 466 (2000)(remanded for resentencing due to
enhancements).

### CONCLUSION

Movant does hereby request an evidentiary hearing on all
allegations raised within, and, by this motion, and, for what-
ever other relief as the Court deems just and appropriate.

(20)

ISSUE G:

> The cumulative effect of appellate and/or trial counsel(s)
> actions and/or inactions which did deny movant his rights
> under the Fifth and Sixth Amendment(s) to the United
> States Constitution

**ARGUMENT TO ISSUE G:**

If this Court fails to grant relief on any single claim
for relief raised herein by movant, he does argue that this
Court should consider the cumulative effect of either and/or
both trial and/or appellate counsel(s) actions and/or inactions
under the Fifth and Sixth Amendment.

In **Sepulveda**, the First Circuit explicitly accepted the
theoretical underpinnings of the cumulative error argument.  The
First Circuit observed that "individual errors, insufficient in
themselves to necessitate a new trial, may in the aggregate have
a more debilitating effect" 15 F.3d at 1195-96 (**citing United
States v. Dwyer**, 843 F.2d 60, 65 (1st Cir. 1988).

Among the factors considered in assessing the cumulative
effect of the errors are the nature and number of the errors
committed; their interrelationship, if any, and combined effect;
how the district court dealt with the errors as they arose; and
the strength of the governments case. **United States v. Meserve**,
271 F.3d 314, 332 (1st Cir. 2001).

## CONCLUSION

Movant does hereby request this Court to consider the
cumulative effect of any/all action and/or inactions of either
trial and/or appellate counsel's, and, to vacate movants conviction,

(21)

or, in the alternative, hold an evidentiary hearing, and, for whatever other relief as this Court deems just and appropriate.

## DECLARATION

I, Jesus Torivio-Arias [AKA: Miguel Morales] do hereby declare, under the penalties of perjury, that all facts contained herein are true and correct to the best of my knowledge and belief.

_____ (SEAL)

Jesus Torivio-Arias

## CERTIFICATE OF SERVICE

I, Jesus Torivio-Arias, do hereby certify, that on this_____ days of ___2-2-___, 2005, did place a true and correct copy of both my Section 2255 Motion & this Memorandum of Law within the United States mail, postage pre-paid to: United States District Court, c/o David H. Hennessy, Assistant U.S. Attorney, 595 Main Street, Worcester, Massachusetts 01608.

Respectfully submitted,

_____ (SEAL)

Jesus Torivio-Arias
#80221-038
USP-McCreary
P.O. Box 3000
Pine Knot, Kentucky
42635-3000

(22)

12/16/04

**Middlesex Sheriff's Office - Billerica House of Correction**

# Book Memo

 

#92252
Morales, Miguel,



Alias:                                        Ssno:

Address: **11 HEBER ST**                     City: **LYNN**              State: **MA**  Zip:

Birth:  **DOMINICAN REPUBLIC**           DOB: **03/14/60**                    Age:  **37**

Height:  **5/05**                            Weight: **140**          Complexion: **MD**

Eyes:  **BR**              Build: **SML**        Hair: **SP**      Sex: **M**      Race: **HSP**

Father's Name:  **MORLES, ANGEL**          Birthplace: **DOMINICAN REPUBLIC**

Address: **SANTO DOMINGO, DR**           City:              State:          Zip:

Mother's Name(Maiden):  **(PEGEURO)AGENTNA**   Birthplace: **DOMINICAN REPUBLIC**

Address: **SANTO DOMINGO, DR**           City:              State:          Zip:

Marital Status:  **SP**              Number of Children:  **4**

Wife's Name(Maiden):  **(MIGUAEL)LAURENCA**

Address: **SANTO DOMINGO, DR**           City:              State:          Zip:

### Emergency Notification Information

| Name: | **DEROSAS, ROSA** | Relation: **COUSIN** |
|---|---|---|
| Address: | **SAME AS INMATE** | Phone: |

Religion: **CATHOLIC**          Occupation:                          Education: **4**

Veteran: **No**              Citizen: **No**

Physical Condition:  **GOOD**                    Drug/Alcohol Dependency: **NO**

Money Upon Commitment:                        Last Worked:

Distinguishing Marks:  **SCARS R CHEEK**

Warrants: **No**                    Type of Risk: **ESC**

Incarceration History:  **MCI,RI STATE**              License:

### Major Sentence Information

| DOC: | **09/22/97** | Court: **AYER** | Dock#: **9048CR2583A** | Arrest Agency: **DOC** |
|---|---|---|---|---|
| Offense: | **ESCAPE** | | Sentence: **18 MOS** | Category: **OTHR** |
| Sent. Date: | **09/22/97** | | Jail Credits: **0** | |
| EFF Date: | **09/22/97** | | EOSDate: **11/06/98** | |
| Max Date: | **03/15/99** | | P/E Date: **06/18/98** | Type of Commit: **SEN** |

Comments:  **HAS INS/RI PROBATION HOLDS**              Booking Officer: **CROD**

Middlesex Sheriffs Office
A true copy attest

*(signature)*

Keeper of the Records

Exhibit 1.1

12-8-04

Billerica House of Corr
269 Treble Cove Road
No. Billerica, Ma.  01862


To whom it may concern:


This letter is a request pursuant to the provisions of
the Freedom of Information Act: Title 5USC 552, and the
Privacy Act Title 5 USC 552 A (d)(1).

My name is Miguel Morales. DOB 3-14-60.  Currently
incarcerated at United States Penitentiary McCreary, as
Jesus Torivio Arias. Reg # 80221-038.

I'm requesting proof of my incarceration (as Miguel M.)
at your house of correction, from Sept 22, 1997 to Nov
6, 1998 which is the date that I was released to the
custody of Immigration Officials.

It is noted that pursuant to Title 5 USC 552 (6)(1)(1),
your agency has (10) working days following receipt of
this request to provide the information and material
sought.  Should any delay occur, it is requested that
your agency inform me of this delay as provided by agen-
cy regulations, and the date as to when your agency will
be able to act upon request.


                    Very truly,

                    Miguel Morales AKA Jesus T.

                    _Miguel Morales_


                    Sent Book Memo
                    True + Attest  12/16/04
                    Oked  by Lee Gartenberg


Exhibit 1