IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Jesus Torivio-Arias,            )
                                )
    Movant,                     )
                                )    Civil No.: 05-10417-NMG
vs.                             )
                                )    Crim. No.: 99-40027
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )

TRAVERSE TO
GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION UNDER §2255

COMES NOW, movant, Jesus Torivio-Arias, acting in propria persona in this above entitled "Traverse," and, does respectfully move this Honorable Court to consider the following which contest the government's late submission in opposition to movant's §2255 motion, and, the fact/argument contained therein.[1].

*Jesus Torivio*

---

1. the movant did submit his §2255 motion on February 2nd, 2005, and, the govenment's motion in opposition was submitted on July 10th, 2006, some 17-month after movant submitted his original motion.

charge itself may, for some people, carry a life sentence, but, under the fact's and/or law associated with movant's criminal acts, known at the time, the charges never carried a life sentence for movant.

Therefore, as the above facts and/or argument denote, movant's plea was not knowingly entered into due to the substantially changed factual and legal circumstances, and, what the applicable guideline range was at the time that movant plead guilty, and, the range when movant was sentenced.

Objection 2:

The government contends that the movant did obstruct justice. (See Gov. Opp. at p. 5).

The movant did relate his proper name to the probation department, that of Jesus Torivio-Arias. Movant did not mention his alias, Miguel Angel Morales, due to not being asked by the probation officer.

Movant's counsel's failure to clarify this matter during the sentencing proceedings, or, his appellate counsel during the direct appeal, are both instnces of ineffectiveness. See e.g. United States v. Phillips, 210 F.3d 345 (5th Cir. 2000)(appellate counsel's failure to challenge the enhancement for obstruction of justice where the district court failed to make proper factual findings on the record on direct appeal constituted ineffective assistance of counsel), and Nearly v. United States, 998 F.2d 563 (8th Cir.1993) (trial counsel objected to enhancement of defendant's sentence for

(4)

obstruction of justice under the guidelines, but failed to raise the issue on direct appeal which constituted performance below an objective standard of reasonableness and required and evidentiary hearing to resolve ineffective assistance of counsel claim).

Therefore, the obstruction of justice enhancement should be removed, or, in the alternative, hold an evidentiary hearing where the record can be developed relevant to this matter.

Objection 3:

The government states: "it is pellucid that where, as here, a defendant misrepresents critical information to his attorney, counsel cannot be found to be ineffective." (See Gov. Opp. at p. 11).

The movant maintains that he truthfully answered all of counsel's questions. The government would have it that movant should be held responsible for those questions which counsel failed to ask, and, thereby excusing counsel's ineffectiveness. See e.g. Noland v. Dixon, 808 F.Supp. 485 (W.D. N.C. 1992)(counsel's failure to consult with petitioner compounded by other errors constitutes ineffective assistance of counsel).

The facts which movant related to counsel were 100% accurate to the question presented by counsel. When the fact that movant had an alias, which counsel never asked movant about, came up, movant told counsel the truth about the alias, but, counsel was more than willing to accept the government's version of the truth, and, effectively stopped consulting with movant, thereby making his

(5)

representation of movant after that point ineffective. See e.g. United States v. Matos, 905 F.2d 30 (2nd Cir. 1990)(trial counsel's willingness to accept the government' version of the facts and failed to file motions because he relied on government's version of the facts, and not based on his own reasonable investigation, calls counsel's representation in serious question of inadequacy).

Therefore, it is not movant's fault, and, movant should not be held accountable for those questions which counsel did not ask, due to movant not knowing the law of America, or, the English language. It was counsel's duty to investiagate the facts, and, that would include movant's record, and, to ascertan the proper way to proceed, which was not done in this case, thereby making counsel ineffective.

Objection 4:

The government states that: "the substance of communications between petitioner and counsel is not proved by an affidavit." (See Gov. Opp. at p. 12 n.2).

The movant has submitted and affidavit which does aver to the facts associated with the claims within movant's §2255 motion. Further, movant does hereby adopt and incorporate all facts contain herein within the existing "Affidavit" under the penalties of perjury also.

Objection 5:

The government states that: there is nothing in the record, even assuming counsel told petitioner that he faced no more than 15 years, to suggest petitioner did not knowingly and voluntarily

(6)

plead to a crime that exposed him to life imprisonment" (See Gov. Opp. at p. 13).

Even though movant's "charge" has a maximum sentence of life imprisonment, this does not mean that movant understood the "he could receive a life sentence." In fact, at the time of his plea, movant only faced a maximum of 188 months per the guidelines. Therefore, movant plead guilty, with the understanding gained from counsel advise, that his maximum exposure to incarceration would be 188 months. No one, not even the judge, stated that movant would receive a potential sentence, based on the facts known at the time of the plea, of a life sentence.

The court stated that the "charge" carried a maximum of life imprisonment. Therefore, counsel was ineffective for failure to argue for the withdrawal of the guilty plea, due to the change in the facts and legal circumstance relevant to the sentence of movant. At the sentencing hearing movant was confused about the 360 months sentence, which can be seen by counsel needing to go off the record both times to coerce movant into pleading guilty to what amounts, to movant, as a life sentence. Instand of receiving the the 188 month sentence which his plea was based thereon. See e.g. Henderson v. Morgan, 426 U.S. 637 (1976)(held that the judgment of conviction was entered without due process of law, since the defendant-petitioner's plea of guilty was involuntary in that he did not receive adequate notice of the offense), and see also e.g. Tower

(7)

v. Phillips, 979 F.2d 807 (11th Cir. 1992)(trial counsel's failure to properly advise defendant of the consequences of his plea is ineffective).

Therefore, movant received ineffective assistance when counsel failed to properly advise him, and, request the right to withdrawal the plea of guilty to the initial set of facts.

## CONCLUSION

For the foregoing reasons, and, those claimed within the original §2255 motion an evidentiary hearing should be held to develop a substantial record on the issues claimed due to the substantial inconsistences within the version of the facts offered by both the government and the movant.

## CERTIFICATE OF SERVICE

I, Jesus Torivio-Arias, do hereby certify, that on this____ day of ___7-20___, 2006, did place a true and correct copy of this "Traverse" within the uNited States Mail, postage pre-paid to:

United States Department of Justice, c/o Mr. David Hennessey, AUSA, Donohue Federal Building, 595 Main Street, Suite 206, Worcester, Massachusetts 01608

Respectfully submitted,

*Jesus Torivio*
Jesus Torivio-Arias
#80221-038
USP-McCreary
P.O. Box 3000
Pine Knot, Kentucky
42635-3000

(8)