FILED
IN CLERK'S OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE
P 15

Jesus Torivio-Arias,                    )

    Affiant,                            )
                                Civil No.: **05-10417-NMG**
                            )

vs.                                      )
                             Crim. No.: **99-40027**

UNITED STATES OF AMERICA,                )

    Respondent.                          )

_____

**AFFIDAVIT IN SUPPORT OF §2255 MOTION**
_____

    **COMES NOW**, the affiant, Jesus Torivio-Arias, and, does hereby aver, upon personal knowledge and belief, the following facts in support of affiant's motion brought pursuant to §2255.

1)    that affiant has a Third Grade Eduction from the Dominican Republic;

2)    that the affiant does not read English;

3)    that affiant does not speak the English language;

4)    that affiant does not understand the English language;

5)    that affiant does not understand the technical niceties which is involved in law in America;

6)    that affiant understood nothing, as far as legal explanation goes, during the plea and/or sentencing hearings;

7)    that affiant did not know that there was the possibility
      of a written plea agreement;

8)    that affiant did not understand the legal aspects of a
      written plea agreement verses a straight plea without an
      agreement;

9)    that affiant believed that he would be sentenced to 180
      months of imprisonment, due to the information reveived
      from counsel;

10)   that affiant believed that he would be sentenced on the
      drugs he actually possessed, or, 136.9 grams;

11)   that affiant was unsure of the proper response during the
      change of plea hearing concerning "Count 1" of the indictment.
      And, it took and off-the-record talk with counsel to have
      affiant plead guilty. (See Plea Tr. at p. 11);

12)   that affiant was unsure of the proper response during the
      change of plea hearing concerning "Count 11" of the
      indictment.  And, it took an off-the-record talk with
      counsel to have affiant plea guilty. (See Plea Tr. at pp.
      11-12);

13)   that the affiant's actual name is "Jesus Torivio-Arias;"

14)   that affiant's alias is "Miguel Morales;"

15)   that affiant was never informed by counsel that he could
      withdraw his guilty plea;

(2)

16) that affiant did not understand that due to changed
    circumstances he would not be sentenced to the 180 months;

17) that affiant was asked to relate the past criminal conduct
    of Jesus Torivio-Arias by the Probation Department, which
    affiant honestly did;

18) that affiant was not under a criminal justice sentence
    from the Middlesex Sheriffs Department;

19) that affiant placed his total trust in counsel(s), being
    without any understanding of the legal process in America,
    and, being unable to understand the English language;

20) that affiant did not knowingly plea guilty, due to lack of
    knowledge of the relevant law and/or facts involved;

21) that affiant did not voluntarily plea guilty, due to lack
    of knowledge of the relevant law and/or facts.  Counsel only
    stated that the plea was the best course;

22) that affiant did not intelligently plea guilty, due to the
    lack of knowledge of the relevant law and/or facts;

23) that affiant did not know and/or understand that he would
    be pleading guilty to what actually amounted to a life sentence;

24) that affiant was coerced to plead guilty through lack of
    knowledge.  He was informed that he had to plead guilty by
    counsel, and, counld not withdraw the plea;

(3)

25)   that affiant would have elected to go to trial instead of
      pleading guilty, if, affiant was informed that he would be
      receiving a life sentence (either 360 months or life = life);

26)   that affiant did not obstruct justice intentionally, he
      merely answered the questions presented to him by the
      probation officer;

27)   the affiant, not knowing the legal process, and, unable to
      understand the English language, and, having a Dominican
      Republic 3rd grade education, did not understand what exactly
      was required of him, due to never having the law and/or the
      process explained to affiant in detail;

28)   that affiant believes that he is being sentenced and/or
      incarcerated for his lack of understanding of the English
      language, lack of legal knowledge, and, his educational level.

      I, Jesus Torivio-Arias, affiant, does hereby attest and/or
confirm, under the penalties of perjury, that the factual averments
contained herein are true and correct to the best of my personal
knowledge and belief.

Respectfully submitted,

_Jesus Torivio_
Jesus Torivio-Arias
#80221-038
USP_McCreary
P.O. Box 3000
Pine Knot, Kentucky
42635-3000

(4)

_____
NOTARY PUBLIC

_Robert Masse_, Case Manager,
Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 U.S.C. § 4004).

_Robert Masse_    7/18/96
(Signature)
United States Penitentiary
McCreary, KY