**United States District Court**
**District of Massachusetts**

```
_____
                                   )
JESUS TORIVIO-ARIAS,               )
        Petitioner,                )
                                   )
        v.                         )   Civil Action No.
                                   )   05-10417-NMG
UNITED STATES OF AMERICA,          )
        Defendant.                 )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On April 29, 2003, this Court sentenced the petitioner to 360 months imprisonment.  He now brings this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and that motion is opposed by the government.


I.   **Background**

In November, 2000, the petitioner was one of eleven individuals named in a 15-count Second Superseding Indictment. He was charged with one count of conspiring to possess with the intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and one count of possession of crack cocaine with intent to distribute and distribution thereof in violation of 21 U.S.C. § 841(a)(1) (Count 11).

On September 30, 2002, the petitioner pled guilty to both charges without a plea agreement.  After the plea, but before

disposition, the Probation Office discovered that the petitioner had been using an alias and thus concealing his lengthy criminal record.  He had told the government and the Court that he is Jesus Torivio-Arias, who has no criminal record, while, in fact, he is Miguel Angel Morales Peguero, an illegal alien with two prior felony convictions for narcotics.

As a result of Probation's discovery of the petitioner's true identity, at sentencing, the Court determined that he qualified as a career offender under U.S.S.G. § 4B1.1 which resulted in an upward adjustment in Base Offense Level from 32 to 37 and placed him in Criminal History Category VI.  Probation also recommended, and the Court accepted, a two-point adjustment for obstruction of justice which was rendered moot in light of the career offender adjustment.  The Court denied the defendant's request for a two-point downward adjustment for acceptance of responsibility (because he had concealed his true identity from the government) and his motion for a downward departure.

Under the career offender guideline, the applicable sentencing range was 360 months to life.  The Court sentenced the petitioner to 360 months imprisonment, five years of supervised release and a $200 assessment.

Under 21 U.S.C. § 841(b)(1)(A), the statutory range for the petitioner was ten years to life imprisonment.  The statute provides, however, that if the offender has been convicted of two

or more prior drug felonies, he shall be sentenced to a mandatory term of life imprisonment.  In order to trigger the mandatory life sentence, the government is required, pursuant to 21 U.S.C. § 851, to file an information with respect to each of the prior convictions on which the enhanced sentence shall be based prior to the trial or plea.  The government did not file a § 851 information in this case because it was unaware of the petitioner's prior convictions until after the plea was taken. The government's position is that, had it been aware of the prior convictions, it would have filed the appropriate information under § 851 and the petitioner would have been subject to a mandatory life sentence.

The petitioner appealed, claiming that the Court erred in denying him credit for acceptance of responsibility.  The sentence was, however, affirmed by the First Circuit Court of Appeals.  The petitioner then brought this habeas petition claiming that he was denied effective assistance of counsel in violation of his Sixth Amendment rights.  He contends, inter alia, that counsel was ineffective because, at the time of his guilty plea, he was advised that he faced a maximum sentence of 180 months imprisonment.  Trial counsel was, however, unaware of the petitioner's real identity or extensive criminal record and relied, evidently, on the petitioner's representations about his own background.

-3-

II.   **Analysis**

A. **Legal Standard**

In Strickland v. Washington, 466 U.S. 668 (1984), the United
States Supreme Court formulated a two-prong test for evaluating
counsel's performance.  To establish a violation of the Sixth
Amendment, a defendant must prove that 1) counsel's performance
fell below an objective standard or reasonableness and 2)
counsel's deficient performance prejudiced the defendant,
resulting in an unreliable or fundamentally unfair outcome of the
proceeding.  Id. at 687.  The "benchmark" for judging any claim
of ineffectiveness is whether counsel's conduct so undermined the
proper functioning of the adversarial process that the proceeding
cannot be relied on as having produced a just result.  Id. at
686.

In a subsequent ruling, the Supreme Court applied the
Strickland test in the context of a guilty plea.  See Hill v.
Lockhart, 474 U.S. 52 (1985).  The Court held that, with respect
to the second Strickland prong, the movant must demonstrate a
reasonable probability that, but for counsel's error, he would
not have plead guilty and would have insisted on going to trial.
Id. at 59.

B.   **Counsel's Calculation of Potential Sentence at Plea**

According to the petitioner, he was advised by counsel
before pleading guilty that the maximum sentence he faced was 180

months.  The petitioner contends that counsel was ineffective for
advising him to plead guilty based on an erroneous calculation of
his potential sentence.

Counsel obviously based his advice concerning the potential
sentence on information provided to him by the petitioner.  The
record indicates that counsel was unaware of petitioner's true
identity or extensive criminal history.  The First Circuit Court
of Appeals has opined that lawyers are entitled to rely
reasonably on the explicit representations of clients about their
criminal histories.  See United States v. Colon-Torres, 382 F.3d
76, 86 (1st Cir. 2004).  Furthermore, the Supreme Court itself
noted in Strickland that the reasonableness of counsel's actions
may be determined or substantially influenced by the defendant's
own statements or actions.  466 U.S. at 691.

Assuming that counsel did not know petitioner's true
identity or criminal history, he was not mistaken about the
application of the law.  In any event, during the plea colloquy
the petitioner was informed that he faced between ten years and
life imprisonment and that the Court would not be able to
calculate a guideline range until after reviewing the Presentence
Report.  Any error in counsel's calculation of the guideline
range was attributable solely to the defendant's concealment of
his criminal background and his motion will be denied on that
ground.

### C.    Failure to Advise Petitioner to Withdraw Guilty Plea

Petitioner next claims that his attorney was ineffective in failing to advise him, after the PSR was prepared, that he could move to withdraw his plea.  While there is no absolute right to withdraw a guilty plea, pursuant to Fed. R. Crim. P. 11(d)(2)(B), the Court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of a "fair and just reason".  See also United States v. Torres-Rosa, 209 F.3d 4, 8 (1st Cir. 2000).  The petitioner contends that had he been aware of the option of filing a motion to withdraw his plea, he would have attempted to do so and would have opted to go to trial.

It is difficult to determine from this record whether counsel actually failed to advise petitioner of his right to file a motion to withdraw the guilty plea.  Petitioner's motion contains no supporting affidavits.  In any event, the First Circuit has determined that the fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a "fair and just reason" for abandoning the plea within the meaning of Fed. R. Crim. P. 11(d)(2)(B).  Torres-Rosa, 209 F.3d at 9.  There is nothing in the transcript of the plea colloquy that casts doubt on the bona fides of the plea.  Whether or not the petitioner was advised of his option to withdraw the plea by counsel is, therefore, immaterial because he did not have the right to do so merely because he faced a stiffer penalty than

anticipated and the petitioner's motion will be denied on that
ground.

### D.    Failure to Raise Apprendi Objections

The petitioner contends that his rights were violated by
counsel's failure to raise objections to the PSR and sentence
under Apprendi v. New Jersey, 530 U.S. 446 (2000), Blakely v.
Washington, 542 U.S. 296 (2004), and United States v. Booker, 543
U.S. 220 (2005).  He argues that any increase in his potential
sentencing range had to have been found by a jury based upon
proof beyond a reasonable doubt rather than by the Court.

In this case, the only factual finding made by the Court
that had a material impact on the petitioner's sentence was a
determination of his criminal history based on prior convictions.
That finding triggered the career offender guideline, U.S.S.G.
4B1.1, and placed the petitioner in Criminal History Category VI.
As the Supreme Court explained in Booker, the Court may determine
sentencing enhancements based on prior convictions.  543 U.S. at
244 (Any fact "other than a prior conviction" which is necessary
to support a sentence exceeding the maximum established by a plea
of guilty must be admitted by the defendant or proved to a jury).

Here, the Court had the authority to enhance the
petitioner's sentence based on his prior convictions and counsel
did not err in failing to object to such a determination by the
Court.  The petitioner's claim is, therefore, without merit.

**E.    Failure to Object to Government's Filing of Section 851 Notices**

The petitioner contends that his sentence was wrongly enhanced on the basis of his two prior felony convictions because the government did not file the appropriate information with the Court prior to the plea.  Pursuant to 21 U.S.C. § 851, the government is required to file an information with the Court with respect to any previous convictions that will subject the offender to "increased punishment" for a drug conviction under 21 U.S.C. § 841.

The government did not file such an information prior to the plea in this case because it was then unaware of the petitioner's prior convictions.  The statute requires that such an information be filed "prior to" trial or entry of a guilty plea.  21 U.S.C. § 851(a)(1).  In opposition, the government contends that if it had filed the § 851 information, the petitioner would have been subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A).

Instead, the petitioner's prior convictions were counted against him under the Sentencing Guidelines.  Pursuant to U.S.S.G. 4B1.1, and as a result of the two prior drug convictions, the petitioner qualified as a career offender.  As discussed above, the Court is permitted to determine an offender's criminal history on the basis of prior convictions. The Court properly calculated his base offense level at 37 and

-8-

his criminal history category at VI, which yielded a sentencing guideline range of 360 months to life.  If the government had filed a § 851 information (as it would otherwise have been entitled to do), the Court would have had no choice but to impose a mandatory life sentence.

The petitioner misapprehends the reason for a § 851 information.  Such a filing is not required for determining career offender status under the Guidelines.  It is, instead, required to trigger the much more severe statutory provisions of 21 U.S.C. § 841(b)(1)(A).  Because the petitioner's sentence was not based on the statutory enhancement, he was not prejudiced by the government's failure to file a § 851 information.  In fact, he greatly benefitted from the government's inability to file such an information because had it done so he would currently be serving a life sentence.  Petitioner's counsel, therefore, was not ineffective in that regard.

**F.   Appellate Counsel**

For purposes of overcoming procedural default, petitioner argues that appellate counsel was ineffective for not raising all of the above issues on appeal.  Because the Court has determined that trial counsel was not ineffective during the plea and sentencing phase, appellate counsel did not err by failing to raise an ineffective assistance challenge on appeal.

**ORDER**

The petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED** and this action is **DISMISSED.**

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 14, 2007